IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL L. McGEE,

                        Plaintiff,                    OPINION AND ORDER

v.

                                                  09-cv-466-wmc

STEVEN SHAW, CASEY NORTHCOTT
and BARBARA LEWIS,

                        Defendants.

---

      Plaintiff Michael L. McGee is proceeding on his claim that defendants Steven Shaw, Casey Northcott and Barbara Lewis violated his constitutional rights when they confiscated his personal property in retaliation for his filing a petition for a writ of habeas corpus in federal court. Now before the court is defendants' motion for summary judgment. Dkt. #15.

      McGee filed a brief response to defendants' motion, dkt. #25, and filed his own cross-motion for summary judgment, dkt. #30, albeit almost two months after the February 26, 2010 deadline for filing dispositive motions and without complying with this court's procedures with respect to summary judgment motions. *See* Prelim. Pretr. Conf. Ord., dkt. #5 at 6 and 15. McGee failed to submit any proposed findings of fact in support of his motion, relying only on a short affidavit describing certain features of his DVD/VCR. Dkt. #87. McGee also advanced only a conclusory argument in his brief in support of summary judgment, asserting that it should be left to the jury to decide whether his personal property confiscated by defendants posed a legitimate security threat.

1

Given that McGee filed his motion late and failed to support it with proper evidence, his cross-motion will be denied. Further, based on the undisputed factual record before the court, no reasonable jury could conclude that defendants retaliated against McGee for filing a federal lawsuit. Defendants' motion for summary judgment will, therefore, be granted.

UNDISPUTED FACTS[1]

Plaintiff Michael McGee was civilly committed as a "sexually violent person" pursuant to Wisconsin Statutes Chapter 980 on May 28, 2004. On March 5, 2009, he was transferred to the Sand Ridge Secure Treatment Center and remains confined there. Defendant Steven Shaw is employed by the Wisconsin Department of Health Services (DHS) at Sand Ridge as a property officer. Defendants Casey Northcott and Barbara Lewis are psychiatric care technicians at Sand Ridge.

In 2006, McGee filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Wisconsin challenging his civil commitment. The court dismissed the petition but granted McGee a certificate of appealability. The Court of Appeals for the Seventh Circuit affirmed the district court's denial of McGee's petition, finding that his civil commitment did not violate his due process rights. *McGee v. Bartow*, 593 F.3d 556, 581 (7th Cir. 2010). At all times material to this action, defendants Shaw, Northcott and Lewis had no knowledge of McGee's federal habeas corpus action.

---

[1] From the findings of fact proposed by defendants and plaintiff's affidavit, viewed in a light most favorable to McGee, the following facts are material and undisputed.

As the property officer at Sand Ridge, Shaw is responsible for reviewing all items coming into or already in the institution to ensure that patients do not possess contraband. Contraband is any item not specifically allowed under Sand Ridge policies, including drugs, weapons and certain electronic items that compromise the safety and security of the patients, staff and facility. In a treatment center such as Sand Ridge, patients consider the acquisition of contraband to be a sign of power. Contraband can be sold for cash or trade and may result in strong-arming and bartering. Under Policy # SR 115, Sand Ridge staff must remove all items deemed to be contraband from patients. SR 115 specifically forbids patients from having a DVD or VHS player that has the recording function enabled. The Sand Ridge treatment team has determined that recording certain segments of television programs or commercials with sexual content or innuendo would be counter-therapeutic to the patients, who could splice together short segments to create a large compilation of materials that could be circulated, sold or bartered throughout the institution. Therefore, when patients transfer into Sand Ridge, all electronics that they possess must be checked by Sand Ridge electronic technicians to ensure that they do not have recording capabilities.

When McGee arrived at the center, defendant Shaw took possession of his DVD/VCR combination unit. Sand Ridge electronic technicians told Shaw that the unit had the function to record. Although the record button had been clipped in McGee's DVD/VCR unit in an effort to disable the record function, the unit could still be easily manipulated to record. On March 13, 2009, after Shaw told McGee that he could not get the unit back until it was completely disabled, McGee signed a voluntary consent form allowing prison

3

officials to send the DVD/VCR unit to an electronics store to have the recording function disabled.

The electronics store eventually informed Shaw that the recording function could not be disabled without damaging other functions of the device. Shaw returned the unit to McGee and informed him that he could keep it until it needed repair or replacement. The only reason Shaw confiscated the device to begin with was his belief that it violated Sand Ridge policy.

Following this incident, SR 115 was amended to reflect that patients were no longer allowed to purchase these types of combination units. Like McGee's, any existing DVD/VCR combination units already at Sand Ridge are allowed until eliminated by attrition.

In an effort to identify and control contraband, related Policy # SR 105 requires staff to conduct personal searches of the patients and randomly search their rooms. A personal search includes a search of the patient's pockets, frisking the body, an inspection of the patient's shoes and hat and an inspection of his mouth. This search commonly is referred to as a "pat search." Pursuant to SR 105, staff must conduct one random room search a day so that all patient rooms will be searched once a month.

On June 26, 2009, defendants Northcott and Lewis conducted a random search of McGee's room and confiscated the following items of contraband: a sharpened coaxial cable, 12 altered catalogues, the top of a Pizza Hut box, state-issued condiments and two AA batteries that were not in an electronic device. That same day, defendant Northcott issued McGee behavior disposition record #5099 for the possession of contraband. Northcott

again randomly searched McGee's room on August 24, 2009. Defendant Lewis has pat-searched McGee numerous times, but never looked in his mouth or made him remove his shoes. Northcott pat-searched McGee on September 4, 2009.

Defendants Shaw, Northcott and Lewis have never made any derogatory remarks to McGee about any legal action that he has filed.

OPINION

Plaintiff contends that defendants retaliated against him for filing a federal habeas corpus action by conducting unnecessary searches of his person and room and by seizing his personal property. Under the First Amendment, inmates have a constitutional right to file grievances and lawsuits without the threat of recrimination. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). Any "act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (citations omitted); *see also Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir. 2006) (holding same). Even conduct that otherwise does not violate the Constitution can form the basis for a retaliation claim if that conduct is done with an improper, retaliatory motive. *See DeWalt*, 224 F.3d at 618 (unconstitutional to transfer inmate for filing grievances); *Babcock*, 102 F.3d at 275 (unconstitutional to place inmate in administrative detention for filing grievances); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (unconstitutional to transfer inmate for filing lawsuit)).

To prevail on a retaliation claim, a prisoner must prove that his constitutionally-protected conduct was "a substantial or motivating factor" in a defendant's actions (that is to say the prisoner's protected conduct was one of the reasons a defendant took adverse action against him). *Mt. Healthy Board of Education v. Doyle*, 429 U.S. 274, 287 (1977). "Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant . . . to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct." *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004).

By moving for summary judgment in this case, defendants challenged plaintiff to produce evidence from which a reasonable jury could find in his favor on his retaliation claim. *Johnson v. Kingston*, 292 F. Supp. 2d 1146, 1152-53 (W.D. Wis. 2003). To survive summary judgment, plaintiff must adduce sufficient evidence that would allow a reasonable jury to find defendants were motivated by a desire to retaliate against him for filing a federal habeas corpus petition. Plaintiff has failed to do this.

In responding to defendants' motion for summary judgment, plaintiff fails to dispute many of defendants' proposed findings of fact. As explained in the *Memorandum to Pro Se Litigants Regarding Summary Judgment Motions* in the August 31, 2009 Preliminary Pretrial Conference Order, "[i]f a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed." Dkt. #5 at 17. Further, plaintiff did not follow the court's directive that "[a]ll facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact." *Helpful Tips For Filing A Summary Judgment Motion,* dkt. #5 at 15. As a result, even though

6

plaintiff avers that many of defendants' proposed findings of fact are untrue, he fails to propose sufficient facts of his own to raise genuine issues of material fact that would allow him to proceed to trial.

In support of their motion for summary judgment, defendants Northcott and Lewis aver that they randomly searched McGee and his room pursuant to SR 105, confiscated what they deemed to be contraband and gave McGee a behavior disposition record for possessing contraband pursuant to SR 115. All three defendants aver that they did not know about McGee's lawsuit when they confiscated his personal property and that even if they had known about the lawsuit, they would have taken the same actions. McGee did not refute this evidence with any of his own.

McGee avers only that his DVD/VCR unit should not have been seized because it does not have the capacity to record. Even if that is true, however, it is not material. Sand Ridge electronics technicians informed defendant Shaw that plaintiff's DVD/VCR did have the ability to record, so Shaw sent the device to an electronics store to have the recording function completely disabled pursuant to Sand Ridge policy.

Because plaintiff has failed to provide any evidence that any of the defendants (1) knew he filed a federal habeas corpus petition, or (2) would not have taken the same actions anyway consistent with Sand Ridge policy, a reasonable jury could not conclude that defendants' challenged actions were motivated by a desire to retaliate against plaintiff. Accordingly, defendants are entitled to summary judgment on plaintiff's retaliation claim.

ORDER

IT IS ORDERED that the motion for summary judgment, dkt. #15, filed by defendants Steven Shaw, Casey Northcott and Barbara Lewis is GRANTED. Plaintiff Michael McGee's motion for summary judgment, dkt. #30, is DENIED. The clerk of court is directed to enter final judgment in favor of defendants and close the case.

Entered this 2nd day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge